**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABDUSH DUBOSE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4929** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**PADOVA, J.**                                                      **JANUARY 23, 2024**

Abdush DuBose, a convicted prisoner currently housed at FDC Philadelphia, filed this civil action against the United States of America seeking money damages under the Federal Tort Claims Act ("FTCA") for malicious prosecution, abuse of process, intentional infliction of emotional distress, and wrongful and negligent federal employee conduct. (*See* Compl. (ECF No. 1) at 1.) DuBose also seeks leave to proceed *in forma pauperis*. For the following reasons, the request to proceed *in forma pauperis* will be granted and the Complaint will be dismissed without prejudice for lack of jurisdiction on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS**[1]

DuBose's Complaint is brief. He asserts that on May 4, 2023 he was acquitted on Counts 9, 10, 14, 15 of a superseding indictment in *United States v. DuBose*, Crim. No. 20-453 (E.D.

---

[1] The facts set forth in this Memorandum are taken from DuBose's Complaint (ECF No. 1). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Attached to the Complaint is a copy of an SF 95 form DuBose used to make a claim against the United States based on the facts he has alleged in the Complaint. (*See* ECF No. 1 at 5-6.)

Pa.).  (Compl. at 3.)  He asserts the government tried the case knowing there was no evidence to support the charges other than allegedly perjured testimony of government witnesses.  (*Id*.)  He contends the government used the court system improperly to detain him and deprive him of his constitutional right to due process by using perjured testimony, which caused him emotional distress.  (*Id*.)  He asserts this conduct was intentional as well as negligent.  (*Id*.)

A review of this Court's docket reveals that Abdush Shakur DuBose was charged along with his brothers Zumar Hamid DuBose and Kariem Baseer DuBose, in a superseding indictment returned on August 26, 2021 with numerous counts of mail fraud, wire fraud, and conspiracy to commit money laundering.  *United States v. DuBose*, Crim. No. 20-453 (ECF No. 79).[2]  A jury returned a verdict on May 4, 2023 finding Abdush Shakur DuBose guilty on Counts 1-8, 11, 12, 13, and 17 of the superseding indictment, but acquitting him on Counts 9, 10, 14, and 15.[3]  *Id*. (ECF No. 254.)  His brothers were found guilty on all counts lodged against them.  *Id*. Sentencing remains pending.

---

[2] The Court may consider matters of public record when conducting a screening under § 1915.  *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), report and recommendation adopted as modified, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citations omitted).  The Court may also take judicial notice of prior court proceedings. *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)).

[3] Abdush Shakur DuBose was not charged in Count 16 of the superseding indictment.

## II.      STANDARD OF REVIEW

The Court will grant DuBose leave to proceed *in forma pauperis.*[4]  Accordingly, 28

U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

The Court must determine whether the Complaint contains "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the

facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the

plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts

sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory

allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because DuBose is proceeding *pro se*, the

Court construes the allegations of the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d

Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239, 244-45 (3d Cir. 2013)).

However, "pro se litigants still must allege sufficient facts in their complaints to support a

claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the

pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a

proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d

Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time

---

[4] Because DuBose is a prisoner, he must still pay the full amount of the filing fee for this
case in installments as required by the Prison Litigation Reform Act.

3

[and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

DuBose asserts FTCA claims.  The FTCA is a limited waiver of sovereign immunity, which makes the United States liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.  *United States v. Orleans*, 425 U.S. 807, 813 (1976).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  Because sovereign immunity is jurisdictional in nature, *Meyer*, 510 U.S. at 475, "the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Sherwood*, 312 U.S. at 586 (citations omitted).

The United States is liable "in the same manner and to the same extent as a private individual under like circumstances" under the FTCA only to the limited extent that it has waived sovereign immunity.  28 U.S.C. §§ 1346(b), 2674.  "Even when the government can be sued under § 1346(b), however, there are exceptions contained within [28 U.S.C.] § 2680 that preclude the application of § 1346(b) to certain tort claims.  *Vanderklok v. United States*, 868 F.3d 189, 202 (3d Cir. 2017).  One of the exceptions laid out in § 2680(h) is a "disclaimer of liability for the United States for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or

interference with contract rights.'" *Id*. (quoting 28 U.S.C. § 2680(h)).  This is known as the "intentional tort exception." *Id*. (quoting *Millbrook v. United States*, 569 U.S. 50 (2013)).  DuBose's claims for malicious prosecution and abuse of process fall within that exception to the waiver of immunity.  *Cf. id.* ("Vanderklok's state law tort claims — false arrest, false imprisonment, battery, assault, retaliatory prosecution, and malicious prosecution — fall within that exception to the waiver of immunity.  So it would appear that Vanderklok is out of luck under the FTCA.").  DuBose's claim for intentional infliction of emotional distress also falls within the exception of 2680(h).  *See Prybyszewski v. City of Philadelphia*, No. 89-7024, 1990 WL 2800, at *3 (E.D. Pa. Jan. 16, 1990) (holding that a claim for intentional infliction of emotional distress that arises out of one of the intentional torts listed in § 2680(h) is also barred by the provision because the United States Supreme Court has broadly construed the meaning of "arising out of" in § 2680(h)) (citing *United States v. Shearer*, 473 U.S. 52 (1985); *Kosak v. United States*, 465 U.S. 848 (1984)).

A second exception to government liability is the discretionary function exception, found at 28 U.S.C. § 2680(a).  That exception bars suits against the United States that "challenge 'the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of . . . an employee of the Government, whether or not the discretion involved be abused'" and "applies when the challenged acts (i) 'involve[d] an element of judgment or choice,' and (ii) were 'based on considerations of public policy.'"  *Karkalas v. Marks*, 845 F. App'x 114, 121 (3d Cir. 2021) (quoting *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)) (citations omitted).

DuBose's claim asserting wrongful and negligent federal employee conduct is based on the investigation and prosecution of the crimes charged in Crim. No. 20-453, since DuBose bases

his claims on his acquittal on some but not all of the charges he faced in the superseding indictment.  Both the investigation and the prosecution of DuBose satisfy the first element of the discretionary function exception since "[i]nvestigation and prosecution involve judgment or choice."  *See id.* at 122 (citation omitted); *see also Bernitsky v. United States*, 620 F.2d 948, 955 (3d Cir. 1980) ("Decision making as to investigation and enforcement, particularly when there are different types of enforcement action available, are discretionary judgments.") (citations omitted).

Similarly, the government's investigation and prosecution of DuBose satisfy the second element of the discretionary function exception because "[i]nvestigatory and prosecutorial decisions are 'susceptible to policy analysis.'"  *Karkalas*, 845 F. App'x at 122 (quoting *Gaubert*, 499 U.S. at 325) (citations omitted); *see also Bond v. United States*, 572 U.S. 844, 865 (2014) ("Prosecutorial discretion involves carefully weighing the benefits of a prosecution against the evidence needed to convict, the resources of the public fisc, and the public policy of the State."). Accordingly, the claim based on alleged wrongful and negligent federal employee conduct is barred by § 2680(a).

## IV.    CONCLUSION

Because all of the FTCA claims that DuBose seeks to assert against the United States are barred by sovereign immunity, the Court will dismiss DuBose's Complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction.  An appropriate Order

will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.